IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| EDWARD MAY, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 3: 13-cv-00069 |
| v. | ) | District Judge Kim R. Gibson / |
| MICHAEL CASH, D.O., et al | ) | Magistrate Judge Cynthia Reed Eddy |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

## I.  RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Plaintiff's Motion for Injunctive Relief (ECF No. 11) be denied.

## II.  REPORT

Pending before the Court is a Motion for Injunctive Relief filed by *pro se* Plaintiff, Edward May, an inmate currently incarcerated at the Federal Correctional Institution at Loretto ("FCI-Loretto"). Based upon the lack of factual basis in Plaintiff's motion, Plaintiff has failed to carry his burden of demonstrating that he is entitled to the extraordinary relief of an injunction.

By way of background, on March 27, 2013, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis, and attached a proposed Complaint and a Motion for Injunctive Relief (ECF No. 1). On June 4, 2013, the Motion for Leave was granted (ECF No. 9) and the Complaint and Motion for Injunctive Relief were filed (ECF Nos. 10 and 11, respectively). To date, Defendants have not been served with Summons, the Complaint, and/ or the instant motion.

In his Motion for Injunctive Relief, Plaintiff requests an Order that would:

(i) "bar defendants or anyone working under their direction from altering or destroying any information contained on the hard drive computer equipment

presently used by the medical department at Federal Correctional Institution Loretto, Pennsylvania;" and

      (ii) "bar defendants or anyone associated with defendants from acting in any way to effect retaliation against plaintiff for bringing this action, including but not limited to interfering with plaintiff's telephone rights, commissary usage, mail rights or any arbitrary action so designed. This injunction should include barring defendants from altering or discontinuing any medications needed by plaintiff."

Mot. at 2.

Courts have discretion to grant preliminary injunctive relief under Federal Rule of Civil Procedure 65. The party seeking a preliminary injunction has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.,

42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Acierno, 40 F.3d at 655.

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional

3

security. Beard v. Banks, 126 S. Ct. 2572, 2578 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

The Court has carefully reviewed Plaintiff's request for injunctive relief and finds that Plaintiff fails to meet each of the prerequisites for the issuance of a preliminary injunction. In addition to failing to provide any evidentiary support for his motion, Plaintiff has also not demonstrated that he will suffer specific and irreparable harm if an injunction is not issued, a prerequisite for the issuance of preliminary injunctive relief. Case law provides some assistance in determining whether an injury is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for . . . .'" Acierno, 40 F.3d at 653 (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury . . . ." Acierno, 40 F.3d at 655 (citation omitted). Plaintiff's allegations fail to show any immediate irreparable injury that is not speculative or remote. Accordingly, the Court concludes that Plaintiff's request for a preliminary injunction should be denied.

## III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Injunctive Relief (ECF No. 11) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. section 636(b)(1)(B) & (C), and Local Rule of Court 72.D.1, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections

shall have fourteen (14) days from the date of service of the objections to respond thereto.

Failure to timely file objections will constitute a waiver of any appellate rights.


Dated: June 10, 2013

                                                      s/ *Cynthia Reed Eddy*
                                                      Cynthia Reed Eddy
                                                      United States Magistrate Judge


cc:      EDWARD MAY
         21597-039
         LORETTO
         FEDERAL CORRECTIONAL INSTITUTION
         Inmate Mail/Parcels
         P.O. BOX 1000
         LORETTO, PA 15940