IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD MAY,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL CASH, D.O., *et al.*,<br>  Defendants. | ) Civil Action No. 3: 13-cv-00069<br>)<br>) United States District Judge<br>) Kim R. Gibson<br>)<br>) United States Magistrate Judge<br>) Cynthia Reed Eddy |

REPORT AND RECOMMENDATION

I.   RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendant John Shedlock, D.O. (ECF No. 24) be granted and Plaintiff's claims against Defendant Shedlock be dismissed with prejudice.

II.  REPORT

   A.   **Relevant and Material Facts[1]**

Plaintiff, Edward May, is a federal prisoner incarcerated at the Federal Correctional Institution at Loretto ("FCI-Loretto) in Loretto, Pennsylvania. The instant case commenced with the receipt of the complaint on March 27, 2013. Plaintiff was granted leave to proceed in forma pauperis, and the complaint was filed on June 4, 2013. On July 2, 2013, Plaintiff filed an Amended Complaint (ECF No. 16), which remains the operative complaint.

The Amended Complaint alleges violations of Plaintiff's rights under the First, Fourth, Sixth, and Eighth Amendments to the Constitution pursuant to *Bivens v. Six Unknown Named*

---

[1] As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party.

1

*Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Named as Defendants are Michael Cash, D.O., Steven Burk, P.A., Jason Kopera, R.N., Normal Weidlich, Jeannette Nagy Pharmacy, Anthony Pazcoquin (collectively referred to as the "Federal Defendants"), and John Shedlock, D.O, a non-Bureau of Prisons contract optometrist.

Specifically, Plaintiff alleges that Defendants have subjected him to deliberately indifferent medical care with regard to his chronic glaucoma and chronic hypertension issues. He also alleges that Defendant Weidlich "intimidated" him and filed false reports in retaliation for Plaintiff's complaints.

Defendant, John Shedlock, D.O., has filed the instant Motion to Dismiss, with brief in support, in which he seeks to have Plaintiff's claims against him dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and Pennsylvania Rule of Civil Procedure 1042.3 and 1042.6. Defendant Shedlock argues that the Amended Complaint fails to state an Eighth Amendment claim against him because Plaintiff "has not identified a policy or practice of [FCI Loretto] which FCI Loretto knew presented a substantial risk of harm to Plaintiff in violation of the United States Constitution and which actually caused him harm." Br. at 1. Further, Defendant Shedlock contends that Plaintiff's claim is actually a claim for medical professional negligence, subject to Pennsylvania's Certificate of Merit requirement, and should be dismissed because Plaintiff has failed to file the mandated Certificate of Merit.

Plaintiff has filed a Response and Brief in opposition (ECF Nos. 53 and 54).[2] The matter has been fully briefed and is ripe for disposition.

---

[2] Plaintiff contends that his "constitutionally inadequate medical care is cognizable under 28 U.S.C. § 2241 regardless of whether or not there is an additional remedy under Bivens." Br. at 3 (ECF No. 54). Plaintiff is advised that habeas claims may not be litigated in this civil rights lawsuit, but may only be presented in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241.

### B. Standard of Review for Motion to Dismiss

#### 1. *Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a section 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer,* 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378, (5th Cir. 2002).

Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

   2.   *Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard*

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied,* -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to

the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

### C.    Discussion and Analysis

According to the Amended Complaint, Dr. Shedlock "was the main provider of optometric services and expertise to inmates at F.C.I. Loretto." Amended Complaint, at ¶ 23. The Amended Complaint reflects that Dr. Shedlock examined Plaintiff on January 13, 2012; February 23, 2012; July 12, 2012; and February 7, 2013. Through the Amended Complaint,

Plaintiff alleges that Dr. Shedlock "abdicated his professional responsibility concerning eye care to unqualified personnel," "that the lack of oversight by defendant Shedlock resulted in plaintiff receiving no medication to control his glaucoma from December 29, 2011, to January 25, 2012," and that "the failure to provide plaintiff any medication was the proximate cause of plaintiff to begin to lose his eye sight in the first case." Amended Complaint, at ¶¶ 26, 27, and 28.

       1.     <u>State Medical Professional Negligence Claim</u>

The threshold question that must be decided is whether Plaintiff's claims against Defendant Shedlock sound in medical professional negligence. If so, Pennsylvania Rule of Civil Procedure 1042.3 must be applied. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011) (holding that Rule 1042.3 is a matter of substantive law and must be applied by federal courts to professional negligence claims). Plaintiff does not dispute that his claims against Defendant Shedlock include a medical professional negligence claim. In fact, Plaintiff has filed what he has termed a Certificate of Merit (ECF No. 35-2). However, Plaintiff's "certificate of merit" does not meet the requirements of Pa. R. Civ. P. 1042.3, which requires a plaintiff to file a certificate of merit ("COM") attesting to at least one of the following:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3(a). As the time for filing an appropriate COM has long passed, to the extent that Plaintiff's claim against Defendant Shedlock could be interpreted as a state law

6

medical professional negligence claim, the motion to dismiss should be granted for failure to comply with Rule 1042.3.[3]

2. Eighth Amendment Claim

To the extent that Plaintiff's claim against Defendant Shedlock is interpreted as an Eighth Amendment deliberate indifference claim, such claim also fails. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988); *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-331 (1986).

Private physicians who are contracted to provide health care services inside prison walls are considered "state actors" and are subject to suit under § 1983. *See West v. Atkins*, 487 U.S. 42, 54 (1988). It is not disputed that Defendant Shedlock examined Plaintiff at FCI-Loretto; thus, for purposes of this lawsuit, Defendant Shedlock is a "state actor." Next, the Court must examine the factual allegations of the Amended Complaint to determine whether they sufficiently allege a deprivation of any right secured by the Constitution.

It is well-established that in order for a prisoner to establish a constitutional violation on the basis of being provided inadequate medical care, he must demonstrate: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "serious medical need" is one "that

---

[3] While Plaintiff's failure to comply with Rule 1042.3 requires dismissal of this malpractice claim, the sanction imposed under state law for violation of this rule, entry of a non pros by the prothonotary, has no precise analogue in the federal courts. Courts have stated that the federal equivalent of such a procedure is a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Rogan v. County of Lawrence*, No. 12-1375, 2013 WL 4511316, at *5 (W.D. Pa. Aug. 23, 2013) (citing *Perez v. Griffin*, 304 F. App'x 72, 74 (3d Cir. 2008)).

has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention. [citation omitted]. A medical need is also serious where the denial of treatment would result in the 'unnecessary and wanton infliction of pain,' [citation omitted], or 'a life-long handicap or permanent loss.' " *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003).

A prison official displays deliberate indifference when he (1) knows of a prisoner's need for medical treatment yet refuses to administer it; (2) delays medically necessary treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. *Moriarty v. de LaSalle*, No. 12–3013, 2012 WL 5199211 at *5 (D.N.J. Oct.19, 2012) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Stated another way, the inquiry is whether the defendant in question displayed an "obduracy and wantonness" that demonstrates a recklessness or a conscious disregard of a serious risk to the prisoner's health and safety. *See Rouse,* 182 F.3d at 197 (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986) and *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)). Demonstrating mere negligence or even professional malpractice does not on its own amount to deliberate indifference that would sustain an Eighth Amendment claim. *Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir. 2004).

Simply stated, the factual allegations of the Amended Complaint do not support an Eighth Amendment deliberate indifference claim against Defendant Shedlock. Plaintiff does not allege that he was denied medical care by Defendant Shedlock, or that Defendant Shedlock delayed medically necessary treatment for non-medical reasons, or that Defendant Shedlock prevented Plaintiff from receiving needed or recommended treatment. Rather, Plaintiff alleges that Defendant Shedlock "abdicated his professional responsibility concerning eye care to unqualified personnel." Amended Complaint, at ¶ 26.

While it is undeniable that Plaintiff is frustrated by the medical treatment he has received at FCI Loretto, and the Court is sympathetic to his frustration, the Court finds that the factual allegations of the Amended Complaint fail to state an Eighth Amendment claim against Defendant Shedlock. For these reasons, the Court recommends granting Defendant Shedlock's motion to dismiss Plaintiff's Eighth Amendment deliberate indifference claims against him for failure to state a claim upon which relief may be granted.

D. Futility

If a civil rights complaint is subject to 12(b)(6) dismissal, a district must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker,* 363 F.3d 299, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

For the reasons discussed *supra*, the Court will grant Plaintiff leave to amend as it would be futile.

III. CONCLUSION

For all the foregoing reasons, it is recommended that the Motion to Dismiss filed by Defendant Shedlock be granted. It is further recommended that amendment would be futile and the claims against Defendant Shedlock should be dismissed with prejudice.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until **January 6, 2014**, to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v.*

*Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

          *s/Cynthia Reed Eddy*
          Cynthia Reed Eddy
          United States Magistrate Judge


cc:    EDWARD MAY
       21597-039
       LORETTO
       FEDERAL CORRECTIONAL INSTITUTION
       Inmate Mail/Parcels
       P.O. BOX 1000
       LORETTO, PA 15940

       Sharon Lehman Bliss
       Snyder & Andrews
       Email: Blisss@nationwide.com

       Megan E. Farrell
       United States Attorney's Office
       Email: megan.farrell@usdoj.gov