**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

EDWARD MAY,

        Plaintiff,

v.

MICHAEL CASH, D.O., *et al.,*
        Defendants.

) Civil Action No. 3: 13-cv-00069
)
) United States District Judge
) Kim R. Gibson
)
) United States Magistrate Judge
) Cynthia Reed Eddy

## REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss or, in the alternative, Motion for Summary Judgment filed by Defendants Michael Cash, D.O., Steven Burk, P.A., Jason Kopera, R.N., Norman Weidlich, Jeannette Nagy, pharmacist, and Anthony Pazcoquin (collectively referred to as the "Federal Defendants") be granted and that this case be dismissed with prejudice.

## II.    REPORT

### A.    Relevant and Material Facts

Plaintiff, Edward May, is a federal prisoner incarcerated at the Federal Correctional Institution at Loretto ("FCI-Loretto) in Loretto, Pennsylvania. The instant case commenced with the receipt of the complaint on March 27, 2013. Plaintiff was granted leave to proceed in forma pauperis and the complaint was filed. On July 2, 2013, Plaintiff filed an Amended Complaint (ECF No. 16), which remains the operative complaint.

The Amended Complaint alleges violations of Plaintiff's rights under the First, Fourth, Sixth, and Eighth Amendments to the Constitution pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Named as Defendants are

1

Michael Cash, D.O., Steven Burk, P.A., Jason Kopera, R.N., Normal Weidlich, Jeannette Nagy, pharmacist, Anthony Pazcoquin (collectively referred to as the "Federal Defendants" ), and John Shedlock, D.O, a non-Bureau of Prisons contract optometrist.[1]

Specifically, Plaintiff alleges that Defendants have subjected him to deliberately indifferent medical care with regard to his chronic glaucoma and chronic hypertension issues. He also alleges that Defendant Weidlich "intimidated" him and filed false reports in retaliation for Plaintiff's complaints. As relief, Plaintiff requests the following damages against the Federal Defendants: $4.75 million against defendants Cash and Burk, jointly and severally; $2 million against defendant Weidlich; $250,000 against defendant Kopera; and $1 million against defendants Nagy and Pazcoquin, jointly and severally. Plaintiff also seeks relief "as necessary to assure future such actions by the defendants or any other medical practitioners will carry a certain cost for impeding federal prisoners' rights medical care." Amended Complaint at Prayer.

### B. Background Information

On April 29, 2011, Plaintiff pled guilty in the United States District Court for the Eastern District of Michigan to fifty-nine (59) counts of Mail Fraud, in violation of 18 U.S.C. § 1341. On October 4, 2011, Plaintiff was sentenced to a 192–month term of imprisonment, to be followed by a three-year term of supervised release. *See* Criminal Docket for Case No. 2:09-cr-20482 (E.D. Michigan). Assuming Plaintiff receives all good conduct time available to him, his projected release date is December 5, 2025. (ECF No. 47-2.)

---

[1]    Defendant Shedlock filed a separate Motion to Dismiss (ECF No. 24), which was granted in its entirety (See Report and Recommendation (ECF No. 55) and Memorandum Order adopting the Report and Recommendation (ECF No. 62)).

## C.   Standard of Review

The Federal Defendants have filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. They move to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim. They also move for summary judgment because Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

### 1.   *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

A motion to dismiss pursuant Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Symczyk v. Genesis HealthCare Corp.,* 656 F.3d 189, 191 n.4 (3d Cir. 2011) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). In considering a Rule 12(b)(1) motion, "the district court may not presume the truthfulness of plaintiff's allegations, but rather must 'evaluat[e] for itself the merits of [the] jurisdictional claims.'" *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977)).

### 2.   *Motion to Dismiss For Failure to State a Claim*

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burch v. Milberg Factors, Inc.*, 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id*. at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679). Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court

generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc*., 482 F.3d 247, 251 (3d Cir. 2007).

Finally, a court must employ less stringent standard when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dlunos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

3.    *Motion for Summary Judgment*

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the record indicates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element to that party's case and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317  (1986). The moving party bears the initial burden of identifying evidence or the lack thereof that demonstrates the absence of a genuine issue of material fact.

*National State Bank v. Federal Reserve Bank of New York,* 979 F.2d 1579, 1582 (3d Cir. 1992). Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). The inquiry, then, involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Brown v. Grabowski,* 922 F.2d 1097, 1111 (3d Cir. 1990) (quoting *Anderson,* 477 U.S. at 251–52). If a court, having reviewed the evidence with this standard in mind, concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. *Anderson,* 477 U.S. at 249–50. Finally, while any evidence used to support a motion for summary judgment must be admissible, it is not necessary for it to be in admissible form. See Fed.R.Civ.P. 56(c); *Celotex,* 477 U.S. at 324; J.F. *Feeser, Inc., v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1542 (3d Cir. 1990).

D.    **Discussion and Analysis**[2]

Plaintiff's claims are brought pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), wherein the United States Supreme Court implied a right of action directly under the Fourth Amendment to the United States Constitution to allow a victim of an unconstitutional search to sue federal officials personally for damages. " '*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages

---

[2]    Plaintiff provides no basis for his claims alleging violations of the Fourth and Sixth Amendments. Accordingly, it is recommended that such claims be dismissed as frivolous and for failure to state a claim.

against the official in federal court despite the absence of any statute conferring such a right.' " *Hartman v. Moore,* 547 U.S. 250, 255 n. 2 (2006) (quoting *Carlson v. Green*, 446 U.S. 14, 19, (1980)). The United States Supreme Court's "authority to imply a new constitutional tort, not expressly authorized by statute, is anchored in [its] general jurisdiction to decide all cases 'arising under the Constitution, laws, or treaties of the United States.' " *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (quoting 28 U.S.C. § 1331). In order to state a *Bivens* claim, a plaintiff must allege the following: (i) defendants must have been acting under color of federal law; and (ii) defendants must have caused the plaintiff to be deprived of a right secured by the Constitution and laws of the United States. *Id.*

1.    *Failure to Exhaust Administrative Remedies*

The Federal Defendants argue that Plaintiff has not exhausted his available administrative remedies with respect to any issue raised in this lawsuit.[3] The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides, in pertinent part, as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. *Nyhuis v. Reno*, 204 F.3d 65. 74 (3d Cir. 2000). "It is well settled that the Plaintiff must exhaust all of his available administrative remedies with respect to

---

[3]    The Federal Defendants do not dispute that Plaintiff exhausted his available administrative tort remedies under the Federal Tort Claims Act, 28 U.S.C. § 2670 ("FTCA"), with respect to a claim that he was negligently denied medication and other medical conditions by FCI Loretto medical staff from December 29, 2011 to January 23-25, 2012. However, as will be discussed, such exhaustion does not carry over to a *Bivens* claim.

each one of his claims <u>prior</u> to filing a civil rights suit." *Jordan v. U.S. Bureau of Prisons,* 2013 WL 114927 at *1, n.3 (M.D.Pa. Jan. 14, 2013) (emphasis added), *adopted in part by*, 2013 WL 1149269 (M.D. Pa. Mar. 19, 2013); *Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) ("explaining that a prisoner must exhaust all available administrative remedies prior to filing suit, including a *Bivens* action.")

The United States Supreme Court in *Jones v. Bock,* 549 U.S. 199 (2007), stated that the primary purpose of the exhaustion requirement is to allow "a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Id*. The administrative exhaustion mandate also implies a procedural default component. *Spruill v. Gillis,* 372 F.3d 218, 222 (3d Cir. 2004).

As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." *Id*. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." *Id*. Similarly, the United States Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. *Woodford v. Ngo,* 548 U.S. 81 (2006).

"There is no futility exception to the exhaustion requirement." *Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002) (citing *Nyhuis*, 204 F.3d at 75). The Third Circuit Court of Appeals reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. *Hill v. Smith*, 186 F. App'x 271, 274 (3d Cir. 2006). The Court of Appeals has also rejected " 'sensitive' subject matter or 'fear of

retaliation' as a basis for excusing a prisoner's failure to exhaust." *Pena–Ruiz v. Solorzano,* 281 F. App'x 110, 113 (3d Cir. 2008).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. *See Jones*, 549 U.S. at 216; see *also Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002) (holding that a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, it is the burden of a defendant asserting the defense of non-exhaustion to plead and prove it. *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003).

The Bureau of Prisons ("BOP") has a well-established three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. *See* 28 C.F.R. §§ 542.10–542.19. After attempting to informally resolve the issue, a BOP inmate can initiate the first step of the grievance process by submitting "a formal written Administrative Remedy Request, on the appropriate form (BP–9)," within twenty (20) calendar days "following the date on which the basis for the Request occurred." *See* 28 C.F.R. § 542.14(a). The Warden has twenty (20) calendar days from the date the Request or Appeal is filed in which to respond. *See* 28 C.F.R. § 542.18. If not satisfied with the Warden's response, an inmate may appeal (step two) on the appropriate form (BP–10) to the Regional Director within twenty (20) calendar days of the date the Warden signed the response. *See* 28 C.F.R. § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed (step three) on the appropriate form (BP–11) to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. *Id.* Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

In support of their motion, the Federal Defendants have submitted the declaration of Donna Broome, Legal Assistant, United States Department of Justice, Federal Bureau of Prisons, Northeast Regional Office. (ECF No. 58-1.) Based on Ms. Broome's review of the BOP's computerized database, Plaintiff has submitted six (6) separate requests for administrative relief, which the Court will address seriatim.

(1)     Administrative Remedy No. 688240 - On May 11, 2012, Plaintiff filed Administrative Remedy No. 688240 with the BOP Northeast Regional Office for issues related to his medical care. On May 14, 2012, the remedy was rejected and returned to Plaintiff without a substantive response for multiple reasons, including: (i) failure to submit his request or appeal on the proper form; (ii) failure to file his request at the institutional level before filing a regional appeal; (iii) failure to provide a copy of the administrative remedy request and response from the Warden; and (iv) failure to attempt to informal resolution of the issue before submission of the administrative remedy - or failure to include evidence showing informal resolution was attempted before accessing the administrative remedy process, as required by BOP Program Statement 1330.017, *Administrative Remedy Program*. (ECF No. 58-1 at ¶ 7).

On May 21, 2012, Plaintiff resubmitted this Administrative Remedy at the Northeast Regional Office, but it was rejected on May 23, 2012, and returned to him without a substantive response for the same reasons his first filing was rejected. He was advised he could submit his Administrative Remedy to the institution (FCI Loretto) first, and upon receipt of the Warden's response, he could submit an appeal with the Regional Office.

(2)     Administrative Remedy No. 724453 - on February 28, 2013, Plaintiff filed Administrative Remedy No. 724453 regarding his medical care and requesting immediate home confinement. The remedy was rejected on February 28, 2013, for noncompliance with policy

because Plaintiff had not properly sought an informal resolution. He was advised he could correct this error and refile his request within five days of the rejection notice in conformance with policy. *Id.* at ¶ 8. On March 4, 2013, plaintiff resubmitted Administrative Remedy No. 724453 at FCI Loretto, but again failed to attach evidence of an informal resolution attempt; as such, his remedy was rejected for noncompliance with policy, and he was provided another five day extension to refile. *Id.*

Plaintiff resubmitted Administrative Remedy No. 724453 to FCI Loretto for a third time on March 5, 2013, including all required documentation, but it was denied by the Warden on March 22, 2013. Plaintiff was instructed that he had the right to appeal the Warden's decision to the Northeast Regional Office within 20 calendar days, but no appeal was made. *Id.*

(3)     Administrative Remedy No. 741139 - On July 1, 2013, Plaintiff submitted Administrative Remedy No. 741139 related to his medical care to the Northeast Regional Office. His remedy was rejected on July 5, 2013, as noncompliant with policy because he failed to file an Administrative Remedy Request at the institution level (and receive the Warden's response) before filing the Regional Administrative Remedy Appeal. *Id.* at ¶ 9.

On July 16, 2013, plaintiff resubmitted Administrative Remedy No. 741139 to the Northeast Regional Office but, instead of attaching the Request for Administrative Remedy with the Warden's response, he attached a "cop-out."[4] He was advised he needed to file a Request for Administrative Remedy at the institutional level, and once he received a Response from the Warden, he could file a Regional Administrative Remedy Appeal. On July 18, 2013, Plaintiff's administrative remedy was rejected and returned to him without a substantive response. *Id.*

---

[4]     "Cop-outs" are formally known as written "Requests to Staff." They are informal written communications that are not part of the formal Administrative Remedy Process. (Declaration of Donna Broome, ECF No. 58-1, ¶ 9).

(4)    Administrative Remedy No. 744354 - On July 31, 2013, Plaintiff filed Administrative Remedy No. 744354 with FCI Loretto requesting a Compassionate Release.  The remedy was rejected on July 31, 2013, because: (i) he failed to submit his Administrative Remedy Request through his Correctional Counselor or other authorized person; (ii) he failed to attach evidence that he attempted to informally resolve the issue before filing the Request for Administrative Remedy;  and (iii) he failed to submit a complete (4-part) set of the Request form.  Plaintiff was advised he could correct these errors and resubmit his Administrative Remedy Request at the institutional level within five days of the rejection notice. *Id*. at ¶ 10.

On August 6, 2013, Plaintiff resubmitted Administrative Remedy No. 744354 to FCI Loretto, but again, he failed to attach evidence of an informal resolution attempt. As a result, on August 6, 2013, his remedy was rejected for noncompliance with policy and he was provided with a five-day period in which to correct the identified error and resubmit his remedy with the proper paperwork. *Id*.

On August 26, 2013, Plaintiff submitted his administrative remedy regarding his request for compassionate release to FCI Loretto for the third time. His filing was rejected because it was not compliant with policy requirements. Specifically, he included more than one continuation page (inmates may include no more than one continuation sheet per administrative remedy filing). He was provided five days from the date of the rejection in which to correct the error and resubmit his remedy in proper form.  *Id*.

On August 26, 2013, Plaintiff resubmitted Administrative Remedy No. 744354 to FCI Loretto for the fourth time. It was denied by the Warden at FCI Loretto on September 15, 2013. Although Plaintiff was instructed that he had the right to appeal the Warden's decision to the Northeast Regional Office within 20 calendar days, no such appeal was filed.

(5)     Administrative Remedy No. 745120 - On August 6, 2013, Plaintiff submitted

Administrative Remedy No. 745120 to FCI Loretto, requesting a 27-hour Furlough. On August

26, 2013, the Warden provided Plaintiff with a substantive response stating information about

the furlough process for "informational purposes only."[5]  *Id.* at ¶ 11.  Plaintiff was advised that if

he was not satisfied with this response, he may appeal to the Regional Director within twenty

(20) calendars of the date of the response.

(6)     The sixth Administrative Remedy request was received on October 20, 2013.  As

of December 23, 2013, the request was pending, with a response due from the Regional Office

on January 2, 2014.  *Id.* at ¶ 6, n1.

The Federal Defendants argue that the record demonstrates that Plaintiff has not

exhausted his available administrative remedies with respect to any issued raised in this lawsuit.

In response, Plaintiff argues that none of the above Administrative Remedy Requests are the

basis for this lawsuit.   However, despite Plaintiff's argument to the contrary, the summary

judgment record evidence clearly reflects that Administrative Remedy Requests 688240,

7224453, 741139, and  744354 all relate to Plaintiff's alleged lack of medical care.

Plaintiff also, in reliance upon the following language from the response letter he

received from the BOP's regional counsel to his Administrative Claim under the Federal Torts

Claim Act,  argues that he may bring this action:

> If you are dissatisfied with this decision, you may bring an action against
> the United States in an appropriate United States District Court within six (6)
> months of the date of this memorandum.

(ECF Nos. 47-5 and 63-1).  However, what Plaintiff seems to ignore is that this response clearly

---

[5]     "For informational purposes only" is an available type of response, serving as an
alternative to "granting or denying" an Administrative Remedy filing.

pertains to Plaintiff's administrative claim no. TRT-NER-2012-05256, which he described as "my claim for physical injury pursuant to the requirements of the Federal Tort Claims Act." (ECF No. 47-5 at 3.) The BOP response further states that an investigation was conducted and "there is no evidence to suggest you experienced a compensable loss as the result of <u>negligence</u> on the part of any Bureau of Prisons employee." (ECF No. 63-1) (emphasis added).[6]

The BOP response is clear that Plaintiff did not present any claims for any alleged violations of his constitutional rights. Accordingly, while Plaintiff may have exhausted his claim under the FTCA, case law is clear that exhaustion under the FTCA does not carry over to a *Bivens* claim. *Thrower v. United States*, 528 F. App'x 108, 110 n. 3 (3d Cir. 2013*).*

It is apparent upon a review of the summary judgment record that Plaintiff failed to fully exhaust his administrative remedies with respect to the claims brought in this lawsuit.[7] The Court observes that Administrative Remedy Nos. 741139, 744354, and 745120 were not filed until after Plaintiff initiated this litigation. Moreover, it is apparent from the record that Plaintiff did not appeal any of the Administrative Remedy requests to final review before filing suit. Thus, Plaintiff failed to comply with the PLRA's requirement that he fully exhaust his available administrative remedies before filing suit and therefore his *Bivens* claims must be dismissed with prejudice. *See Woodford,* 548 U.S. at 92; *Oriakhi*, 165 F. App'x at 993.

Because Plaintiff's claims were not properly exhausted, it is not necessary for the Court to reach the merits of Plaintiff's claims. However, in an abundance of caution, and assuming

---

[6]    The Amended Complaint in this lawsuit specifically states that the "complaint is based on violation of plaintiff's rights under Amendments I, IV, VI, and VIII of the Constitution of the United States of America." Amended Complaint, at ¶ 1 (ECF No. 16.)

[7]    Plaintiff does not argue that the administrative remedy process was not available to him.

*arguendo*, that exhaustion did not bar Plaintiff's claims, the Court will proceed to address the merits.

2.    *Deliberate Indifference*

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." *West v. Keve,* 571 F.2d 158, 161 (3d Cir. 1978). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll,* 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

Deliberate indifference is generally not found when some level of medical care has been offered to the inmate. *Clark v. Doe*, No. 99–5616, 2000 WL 1522855, at *2 (E.D.Pa. Oct.13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). There is necessarily a distinction between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has

received some medical attention and the dispute is over the adequacy of the treatment. *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Goodwin*, 551 F.2d 44, 48 (4th Cir. 1977)).

The Federal Defendants do not dispute that Plaintiff's medical needs were "serious." Instead, the Federal Defendants contend that they are entitled to summary judgment on the basis that Plaintiff's medical records show that Plaintiff has been provided with comprehensive and extensive medical care while at FCI Loretto. In support, the Federal Defendants have provided Plaintiff's Medical Records from December 29, 2011, to September 20, 2013, totaling approximately 786 pages. (ECF No. 47.)

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to demonstrate a genuine issue of material fact on the issue of deliberate indifference. The medical evidence of record reflects a history of extensive medical treatment and care. Plaintiff has had access to Health Services staff, medical testing, medication, and access to medical specialists such as an optometrist and ophthalmologist.

By presenting the above-cited evidence to the Court, Defendants have satisfied their initial burden of proving the absence of evidence supporting Plaintiff's claim. They have put forward evidence to show that while Plaintiff suffers from a serious medical need, they were in no way deliberately indifferent to his medical needs.

The burden now shifts to Plaintiff to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). He has not met that burden. The Court finds that the record

is insufficient to establish deliberate indifference and that Plaintiff has not identified any specific facts, supported by evidence, which demonstrate a genuine issue of material fact for trial.

It is undeniable that Plaintiff is frustrated by the medical treatment he has received while incarcerated at FCI Loretto and the Court is sympathetic to his frustration. However, the law is clear that negligence or medical malpractice does not establish deliberate indifference so as to give rise to a civil rights claim. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

In sum, the Court finds that Defendants have satisfied their burden of showing that there is no genuine issue of material fact as to whether they were deliberately indifferent to Plaintiff's serious medical needs. Accordingly, the Court recommends that summary judgment be entered in favor of the Federal Defendants on Plaintiff's Eighth Amendment claims

3. *Retaliation*

"Retaliation for the exercise of a constitutionally protected right is itself a violation of rights secured by the Constitution . . . . " *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). To establish a section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements, *to wit*: that (1) he engaged in a constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the actor's decision to take adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

In his Amended Complaint, Plaintiff alleges that Defendant Weidlich retaliated against him as follows:

On May 9, 2012, defendant Weidlich took plaintiff into his office and intimidated plaintiff because of his filing an 8.5 form.[8]

Amended Complaint at ¶ 9.

On May 11, 2012, defendant Weidlich in response to a request for plaintiff's medical status from the Department of Justice Pardon Attorney filed and submitted a false report of the status of plaintiff's medical issues in retaliation to plaintiff's complaints to the institution . . . .

Amended Complaint at ¶ 10.

On October 12, 2012, defendant Weidlich prepared a medical report directed to United States Senator Debbie Stabenow pursuant to a request by the senator for medical information relative to plaintiff. The information contained in the report was false and did not respond directly to the senator's request. Defendant Weidlich induced then warden Charles Maiorana to sign the report as if he (the warden) prepared it. Once again a retaliation against plaintiff for his continued requests for relief.

Amended Complaint at ¶ 19.

A prisoner's ability to file grievances and lawsuits against prison officials is a constitutionally protected activity for purposes of a retaliation claim. *See Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981) (retaliation for exercising right to petition for redress of grievances states a cause of action for damages under the constitution). The Federal Defendants agree that Plaintiff has met the first element of a retaliation claim. However, the record belies the allegation that Defendant Weidlich's reports to the Department of Justice and Senator Stabenow were false. Plaintiff has failed to submit any evidence that the reports were falsified, much less falsified as a result of Plaintiff's constitutionally protected conduct. Accordingly, it is recommend that the Federal Defendants be granted summary judgment on this claim.

---

[8]    Completing the "8.5 Form" is the first step in the Administrative Remedy Informal Resolution process. The form is obtained from the inmate's counselor. The inmate is to "[b]riefly state your complaint on the form and return it to a member of your Unit Team. Staff will respond to your complaint and you will have an opportunity to either accept or reject the proposed resolution." See FCI Loretto - Inmate Admission and Orientation Handbook, http://prisonhandbook.com/460/loretto-federal-correctional-institution.

4. *Verbal Harassment*

To the extent Plaintiff makes a claim that Defendant Weidlich verbally harassed and intimidated him, he has failed to state a claim that his constitutional rights were violated. It is well settled that allegations of threats and verbal harassment, without injury or damage, do not state a Constitutional claim. *Barber v. Jones*, 2013 WL 211251 (D.N.J. Jan. 18, 2013); *see also Stepney v. Gilliard*, 2005 WL 3338370 (D.N.J. Dec. 8, 2005) ("[V]erbal harassment and taunting is neither 'sufficiently serious' nor 'an unnecessary and wanton infliction of pain' under the common meaning of those terms. 'Verbal harassment or profanity alone . . . no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under [Section] 1983"); *Abuhouran v. Acker*, 2005 WL 1532496 (E.D.Pa. June 29, 2005) ("It is well established . . . that . . . verbal harassment, . . . standing alone, do[es] not state a constitutional claim").

For all these reasons, the Court recommends that Plaintiff's claims for verbal harassment and intimidation be dismissed for failure to state a claim.

5. *Qualified Immunity and Absolute Immunity*

The Federal Defendants also argue that they are entitled to qualified immunity. Given that it is recommended that their motion should be granted on the foregoing grounds, a discussion on this issue is not necessary. Likewise, it is not necessary to discuss Defendant Kopera's argument that he is entitled to absolute immunity.

6. *Futility*

If a civil rights complaint is subject to 12(b)(6) dismissal, a district must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker,* 363

F.3d 299, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

However, as discussed *supra*, because the Court lacks authority to excuse the exhaustion requirement, *see Nyhuis*, 204 F.3d at 73, and because administrative remedies must be exhausted before filing suit in federal court, *see Woodford*, 548 U.S. at 92; *Oriakhi*, 165 F. App'x 993, and because Plaintiff's claims accrued well beyond the timetable established in the BOP Administrative Remedy Program, any attempt by Plaintiff to amend his Complaint would be futile.

## III.  CONCLUSION

For all the foregoing reasons, it is recommended that: (i) the Motion to Dismiss Or, In the Alternative, Motion for Summary Judgment filed by the Federal Defendants be granted with prejudice as Plaintiff has failed to exhaust his administrative remedies and for failure to state a claim; (ii) Plaintiff's claims under the Fourth and Sixth Amendments be dismissed with prejudice as frivolous and for failure to state a claim; and (iii) Plaintiff not be allowed to amend the Amended Complaint as such would be futile.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until **May 9, 2014**, to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

*s/Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

April 21, 2014

cc:    EDWARD MAY
       21597-039
       LORETTO
       FEDERAL CORRECTIONAL INSTITUTION
       Inmate Mail/Parcels
       P.O. BOX 1000
       LORETTO, PA 15940

       Megan E. Farrell
       United States Attorney's Office
       Email: megan.farrell@usdoj.gov